IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RONNIE MILLER #340298<br>a/k/a/ BRIAN COLES | : |
| Plaintiff, | : |
| v. | :     CIVIL ACTION NO. WDQ-07-2329 |
| BALTIMORE COUNTY DEPARTMENT<br>OF CORRECTIONS | : |
| Defendant | : |

oo00O00oo

**MEMORANDUM**

Before the court is a pro se complaint filed by Ronnie Miller, a/k/a Brian Coles, alleging that his civil rights were violated in September of 2005, when he was incarcerated in a cell at the Baltimore County Detention Center that was not handicapped accessible.[1] For the reasons that follow, the court will grant plaintiff's motion to proceed in forma pauperis and dismiss the complaint.

As plaintiff has been granted leave to proceed without the prepayment of filing fees, the court may screen the claims presented before service of process and dismiss the complaint *sua sponte* if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915 (e). The complaint satisfies this standard for dismissal.

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see*

---

[1] Plaintiff's claims regarding cell accessibility and injuries were previously considered and rejected in Civil Action JFM-06-1652, *Coles v. Baltimore County Detention Center, et al.*

*generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." In the instant matter, defendant, the Baltimore County Department of Corrections, is not amenable to suit as a "person." under §1983.

In addition, to the extent plaintiff intends to raise claims against defendant based upon vicarious liability, the law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), *citing Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).

Consequently, the court will dismiss the complaint. A separate order follows.

September 11, 2007                         /s/
Date                                William D. Quarles, Jr.
                                    United States District Judge